HELD *v.* SURBER.

(Division A. Dec. 8, 1930.)

[131 So. 420. No. 28914.]

Ruff & Johnson, of Lexington, for appellant.

**E. T. Neilson**, of Lexington, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant and E. E. Raper in the court of the justice of the peace, setting forth in the statement of his cause of action that he had been employed by Raper to haul logs to a sawmill which Raper was operating, and in which the appellant had an interest; that Raper owed him a balance of sixty-one dollars and nineteen cents for hauling the logs. The relief sought was a personal judgment against Raper, and a lien on the logs and lumber into which some of them had been sawed for the payment thereof; a judgment was rendered by the justice of the peace in accordance with the appellee's demand. Held appealed to the circuit court, where the right of the appellee to a lien on the

logs was tried de novo by the trial judge, without a jury, on an agreed statement of facts, from which it appears that Raper was operating a sawmill; that Held owned some pine timber on the certain tract of land, and entered into a contract with Raper, by which Raper agreed to cut the timber, haul it to his mill, and saw it into lumber for him. Raper then employed Surber to cut the timber and haul it to the mill, which Surber did; and he owes Surber the balance alleged by him to be due therefor. Held was not a party to the employment of Surber to cut and haul the timber. On this agreed statement of facts the court below awarded the appellee a lien on the logs and a judgment on the appeal bond.

The statute on which the appellee's claim is predicated is chapter 282, section 1, Laws 1922, Hemingway's Code 1927, section 2577, which provides that: "Every employee or laborer of a person . . . in operating a sawmill, . . . or in cutting and shipping (or rafting) timber, shall have a lien on all such lumber and timber of his employer for his wages due by such employer," etc.

The appellee's contention is that the statute applies, not only to laborers with whom the owner of lumber and timber directly contracts, but also to the employees of a person contracting with such owner; and in support thereof refers to 38 C. J., page 224, wherein it is said that: "The weight of authority is to the effect that the lien given to laborers applies not only to laborers with whom the owner directly contracts, but also to the employees of a person contracting with such owner." An examination of the cases there cited will disclose that the statutes which the author of the article there had in mind are such as provide for a lien on lumber or timber for labor performed thereon, or in connection therewith, without limitation on the ownership thereof, or for such a lien for labor performed "at the instance of the

owner or his agent,'' under which the. courts hold that a person, contracting with the owner of timber for cutting and hauling it, is the agent of the owner, within the meaning of the statute.

The lien here given is not on all lumber or timber for labor performed thereon, or in connection therewith, but on the lumber or timber of the laborer's employer, thereby excluding, ex vi termini, a lien on lumber and timber not owned by the employer.

The judgment of the court below will be reversed, and the appellee's petition, in so far as it seeks a judgment against Held or a lien on the lumber and logs, will be dismissed.

Reversed, and judgment here for the appellant.